Nazanin Afshar (SBN 287485)
    E-Mail: nafshar@fisherphillips.com
FISHER & PHILLIPS LLP
21600 Oxnard Street, Suite 650
Woodland Hills, California 91367
Telephone: (818) 230-4250
Facsimile: (818) 230-4251

Attorneys for Defendant
AMERICAN AIRLINES GROUP INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KENNETH TORRES (PRO SE),<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES GROUP INC.,<br><br>Defendant. | CASE NO.:<br><br>*(Removed from Los Angeles Superior Court Case No. 24TRCV02771)*<br><br>**DEFENDANT AMERICAN AIRLINES GROUP INC.'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet; Certificate of Interested Parties; Corporate Disclosure Statement; Notice of Related Cases; and Declarations of Nazanin Afshar, Jody Manuele and Matthew Dominy]*<br><br>Complaint Filed:   August 21, 2024<br>Trial Date:      Not Set |

FP 52950290.1

**TO THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF KENNETH TORRES AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant AMERICAN AIRLINES GROUP INC. ("American Airlines")[1], by and through its counsel of record, hereby submits this Notice of Removal and Petition to Remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California (Western Division).

This removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) and is timely under 28 U.S.C. § 1446. The grounds for removal are as follows:

**PROCEEDINGS IN STATE COURT AND TIMELINESS OF REMOVAL**

1.      On August 21, 2024, Plaintiff Kenneth Torres ("Plaintiff") filed an unverified Complaint for Damages ("Complaint") in the Superior Court of the State of California, County of Los Angeles, thereby initiating the civil action entitled *Kenneth Torres (Pro Se) v. American Airlines Group Inc.,* Case No. 24TRCV02771 ("State Court Action"). *See* Declaration of Nazanin Afshar ("Afshar Dec."), ¶ 3, **Ex. 1**.

2.      On October 22, 2024, Plaintiff served American Airlines with the Complaint[2] and its exhibits, which together were over 100 pages. *See* Afshar Dec.,

---

[1] American Airlines Group Inc. is a publicly traded holding company. American Airlines, Inc. employed Torres and is the proper defendant.

[2] Plaintiff only served the Complaint with its two exhibits. Plaintiff did not serve a summons, civil case cover sheet, certificate of assignment, or notice of case management conference. After Plaintiff served American Airlines with the Complaint, American Airlines searched the Los Angeles County Superior Court website and downloaded a copy of the filed Complaint to compared with the Complaint Plaintiff served. *See* Afshar Dec., at ¶ 5. It appears the served Complaint is unsigned, undated, and its exhibits are slightly different than the filed Complaint. *Id.* In addition to the Complaint, the docket reflected several other documents – including an Order on Court Fee Waiver, Civil Case Cover Sheet, Alternative Dispute Resolution Packet, Notice of Case Assignment – Unlimited Civil Case, Notice of Case Management Conference, and Order to Show Cause. *See* Afshar Dec., ¶ 5, **Ex. 3**.

¶ 4, **Ex. 2.**

3.      On November 21, 2024, American Airlines filed an Answer to the Complaint in the State Court Action and served it on all Parties. *See* Afshar Dec., ¶ 6, **Ex. 4**.

4.      On November 21, 2024, American Airlines filed a Notice to Adverse Parties and State Court of Filing and Notice of Removal. *See* Afshar Dec., ¶ 7, **Ex. 5**.

5.      True and correct copies of all "process, pleadings, and orders" from the State Court Action served on American Airlines or filed in the State Court Action are attached to the Declaration of Nazanin Afshar as **Exs. 1-5**.

6.      Pursuant to 28 U.S.C. § 1446(b)(3) this Notice of Removal has been filed within thirty (30) days after receipt by American Airlines of a paper from which it ascertained that the case is one which is or has become removable.  In addition, this Notice of Removal has been filed within one (1) year of commencement of this action in state court as required by 28 U.S.C. § 1446(b). Therefore, this Notice of Removal has been timely filed.

## **JURISDICTION**

7.      This matter is a civil action over which this District Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

## **Diversity of Citizenship**

8.      Diversity of citizenship existed between the parties when the Complaint was filed on August 21, 2024, and exists as of the date this Notice of Removal is being filed.

9.      Plaintiff is a citizen of the State of California. In the Complaint, Plaintiff alleges that he "is a resident of Manhattan Beach, County of Los Angeles,

1   California." *See* Afshar Dec., ¶ 3, **Ex. 1**, ¶ 1. Plaintiff also alleges that he worked

2   at Los Angeles International Airport since 1988. *Id.*

3         10.    American Airlines is incorporated in the State of Delaware and its

4   principal place of business is in Texas. *See* Declaration of Matthew A. Dominy

5   ("Dominy Dec."), ¶ 3. Accordingly, American Airlines is a citizen of Delaware and

6   Texas. *See* 28 U.S.C. § 1332(c)(1).

7         11.    The parties are therefore diverse of citizenship as required for this

8   Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

9   

**Amount in Controversy**

10        12.    Diversity jurisdiction exists where the parties are diverse of

11  citizenship and the amount in controversy exceeds the sum or value of $75,000,

12  exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

13        13.    Where, as here, a complaint does not state the amount in controversy,

14  removal is proper if the Court finds by a preponderance of the evidence that the

15  amount in controversy exceeds the jurisdictional threshold of $75,000. *See Chavez*

16  *v. JPMorgan Chase & Co.,* 888 F.3d 413, 416 (9th Cir. 2018). "The amount in

17  controversy may include damages (compensatory, punitive, or otherwise) …as well

18  as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzalez v.*

19  *CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-649 (9th Cir. 2016)). "In

20  assessing the amount in controversy, [the Court] may consider allegations in the

21  complaint and in the notice of removal, as well as summary-judgment-type

22  evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416.

23  

**Allegations and Facts Relevant to the Amount in Controversy**

24        14.    American Airlines employed Plaintiff as a full-time Customer Service

25  Agent, on and off from February 1985 to August 2022. *See* Declaration of Jody

26  Manuele ("Manuele Dec."), ¶ 3. Plaintiff's last rate of pay was $32 per hour.  *See*

27  Manuele Dec., ¶ 4. Plaintiff's gross earnings for the calendar year ending December

28  31, 2021, were approximately $67,782.12. *Id.*, ¶ 4, **Ex. 1**, p. 1. Plaintiff's gross

4

earnings for the calendar year ending December 31, 2022, were only $56,942.15, but that is because he was terminated on or about August 22, 2022, and thus worked less than nine (9) months during that calendar year. *Id.,* ¶ 4, **Ex. 1**, p. 2.

15.    Plaintiff claims that over the course of his employment, he raised safety concerns to his supervisors and other persons affiliated with Los Angeles International Airport ("LAX"), but no one helped him. *See* Afshar Dec., ¶ 3, **Ex. 1**, ¶¶ 4-13. Plaintiff alleges he was wrongfully terminated on August 22, 2022, due to his age and in retaliation for the concerns he raised about allegedly unsafe working conditions at LAX. *Id.*, ¶ 3, **Ex. 1,** ¶¶ 14, 16, 26, and 33.

16.    In the Complaint, Plaintiff alleges three causes of action against American Airlines: (1) wrongful termination in violation of public policy; (2) age discrimination; and (3) retaliation for disclosure of unlawful acts. *Id.*, ¶3, **Ex. 1.** Plaintiff seeks "compensatory damages, including loss of wages (front and back pay), career opportunities, benefits and other opportunities of employment," emotional distress damages, special damages, punitive damages, interest, including pre-judgment interest, attorneys' fees, and costs of suit. *Id.*, ¶ 3, **Ex. 1**, ¶¶ 20, 21, 27, 28, 34, 35, and 36; *see also Id.*, ¶ 3, **Ex. 1,** Prayer for Relief, ¶¶ 1-7.

## The Amount in Controversy Exceeds $75,000

17.    The jurisdictional threshold for removal of $75,000 is satisfied in this case independently and in the aggregate through Plaintiff's claims for lost wages, emotional distress damages, and punitive damages.[3]

18.    For purposes of determining the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C. D. Cal. 2002). Moreover, the amount in controversy can be determined from the

---

[3] American Airlines denies any liability as to Plaintiff's claims.

Complaint or from other sources, including statements made in the notice of removal. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.").

19.  Plaintiff's claim for back pay establishes the threshold amount in controversy. Plaintiff's rate of pay in the last year of his employment was $32 per hour (or approximately $66,560 annualized). *See* Manuele Dec., ¶ 4. Plaintiff's gross earnings for the calendar year ending December 31, 2021, were approximately $67,782.12. *Id*., ¶ 4, **Ex. 1**, p. 1. His gross earnings for the calendar year ending December 31, 2022, were only $56,942.15, but that is because he was terminated on or about August 22, 2022, and thus worked less than nine (9) months during that calendar year. *Id*., ¶ 4, **Ex. 1**, p. 2. Between his termination date of August 22, 2022 (Afshar Dec., ¶ 3, **Ex. 1**, ¶ 14), and the date of this Notice of Removal, just over 117 weeks (or 2.25 years) have elapsed. Accordingly, Plaintiff's back pay claim is worth approximately $149,760.[4] Thus, Plaintiff's claim for lost wages alone satisfies the amount in controversy requirement – without even taking into consideration past and future lost employee benefits. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (plaintiff's lost wages are included in amount in controversy); *Broward v. Ericsson Inc.,* No. 18-CV-02380-EMC, 2018 WL 3646445, at *5 (N.D. Cal. Aug. 1, 2018) (defendants' calculation that plaintiff would be owed more than $75,000 in backpay if she was wrongfully terminated sufficient to establish amount in controversy); *Tukay v. United Cont'l Holdings, Inc.*, No. 14-CV-04343-JST, 2014 WL 7275310, at *2 (N.D. Cal. Dec. 22, 2014) (defendant's reasonable calculation that plaintiff's backpay exceeds $75,000

---

[4] $32 per hour x 40 hours per week x 52 weeks x 2.25 years = $149,760.

sufficient to establish the amount in controversy); *Patel v. Nike Retail Servs., Inc.,* 58 F.Supp.3d 1032, 1041 (N.D. Cal. July 21, 2014) ("[I]f a defendant prepares a well-founded evidentiary record, a defendant's reasonable extrapolations from the plaintiff's allegations suffice to establish the amount in controversy, if unrebutted by the plaintiff."

20.    Plaintiff's allegations of emotional distress damages may also be considered when assessing the amount in controversy. *See Kroske,* 432 F.3d at 980; *Soto v. Kroger, Co.*, No. SACV 12–0780–DOC (RNBx), 2013 WL 3071267 (C.D. Cal. 2013); *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). Plaintiff's alleged emotional injures include, "…humiliation, severe emotional distress and mental and physical pain and anguish." *See* Afshar Dec., ¶ 3, **Ex. 1**, ¶ 28. Employment discrimination cases in California alleging similar emotional distress injuries have resulted in verdicts that well exceed the diversity jurisdiction threshold of $75,000. *See Velez v. Roche,* 335 F. Supp. 2d 1022, 1037 (N.D. Cal. 2004) ($300,000 emotional distress award where plaintiff suffered depression and other mental anguish following discrimination, even where plaintiff did not formally consult a doctor, did not take any medication for her condition, and continued to work); *Zanone v. City of Whittier*, 162 Cal. App. 4th 174, 185, 193 (2008) (affirming emotional distress award of $660,000 on plaintiff's FEHA sex discrimination and retaliation claims where plaintiff suffered "stress, anxiety and depression"); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (affirming award of more than $450,000 for emotional distress for FEHA discrimination claims where plaintiff suffered "nightmares, loss of appetite, and loss of interest in ordinary activities"); *Lave v. Charter Communications, LLC,* No. RIC 1508865, 2017 WL 2901375, at *3 (Cal. Super. Ct. June 07, 2017) (verdict awarding $575,000 in emotional distress damages where FEHA and IIED plaintiff experienced depression, insomnia, irritability, and anxiety); *see also Glenn-Davis v. City of Oakland*, No. C 02-02257SI, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5,

2017) (reducing $1.85 million emotional distress award to $400,000 for "garden variety" emotional distress stemming from plaintiff's discrimination claims). Accordingly, Plaintiff's claim for emotional distress injuries establishes the amount in controversy. *See Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-CV-01945-JCS, 2016 WL 3902838, at *5 (N.D. Cal. July 19, 2016) (amount in controversy was established in discrimination and retaliation case claiming emotional distress because emotional distress damages in similar cases have been substantial); *see also Castanon v. Int'l Paper Co.,* No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in discrimination case seeking lost earnings, emotional distress, punitive damages, and attorney's fees).

21. Finally, Plaintiff's claim for punitive damages may be considered when assessing the amount in controversy. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001) (superseded by statute on other grounds) (the amount in controversy may include punitive damages when they are recoverable as a matter of law). Employment discrimination cases in California have resulted in punitive damages awards exceeding $75,000. *See Harvey v. Sybase, Inc.*, 76 Cal. Rptr. 3d 54, 62, 73 (Cal. Ct. App. 2008) (reinstating $500,000 punitive damages award on plaintiff's FEHA discrimination claims); *Weeks v. Baker & McKenzie,* 63 Cal. App. 4th 1128, 1137 (1998) (affirming $3.5 million punitive damages award against employer in FEHA sex-based discrimination case); *Hunio v. Tishman Const. Corp. of Cal.,* 18 Cal. Rptr. 2d 253, 266 (Cal. Ct. App. 1993) (finding award of $1 million in punitive damages on age-based constructive discharge cause of action was "certainly within permissible limits.") Accordingly, Plaintiff's punitive damages claim establishes the amount in controversy. *See Rodriguez,* 2016 WL 3902838, at *6 (claim for punitive damages in employment discrimination and retaliation case established amount in controversy because punitive damage awards in similar cases have exceeded jurisdictional threshold).

## **PROCEDURAL PREREQUISITES**

22.    Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Central District of California (Western Division) is the appropriate court to which to remove this action from the Los Angeles County Superior Court, where the State Court Action was filed. *See Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. § 1441(a) and is properly laid in the district embracing the place where the action is pending).

23.    As required by 28 U.S.C. § 1446(d), a copy of the Notice of Removal will be attached to a Notice to Adverse Parties and State Court of Defendant American Airlines Group Inc.'s Filing of Notice of Removal, which will be promptly served on Plaintiff and filed with the Los Angeles County Superior Court. A true and correct copy of the Notice of Removal to be filed in the state court, without exhibits, is attached to the Declaration of Nazanin Afshar, served concurrently herewith, as **Ex. 5**.

24.    Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the Central District of California, sitting in Los Angeles, because a substantial part of the events giving rise to the claim allegedly occurred in Los Angeles County.

25.    In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the State Court Action served on American Airlines are attached to the Declaration of Nazanin Afshar as **Exs. 1-5.**

26.    This Notice is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

27.    In filing this Notice, American Airlines does not waive any defenses or objections it may have to jurisdiction, venue, or any other defenses or objections in this action.

///

1

## CONCLUSION

2      This Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§

3  1332, 1441, and 1446, and American Airlines has properly removed the State Court

4  Action to this Court as complete diversity of citizenship exists and the amount in

5  controversy exceeds $75,000. American Airlines reserves, and does not waive, any

6  objections it may have to jurisdiction, venue, or any other defenses or objections in

7  this action.

8

## PRAYER FOR REMOVAL

9      WHEREFORE, American Airlines removes this action from the Superior

10  Court of California, County of Los Angeles, to the United States District Court for

11  the Central District of California (Western Division).

12

13  DATE:  November 21, 2024          FISHER & PHILLIPS LLP

14                                         */s/ Nazanin Afshar*
                                    By: _____
15                                       Nazanin Afshar
                                         Attorneys for Defendant
16                                       AMERICAN AIRLINES GROUP INC.

17

18

19

20

21

22

23

24

25

26

27

28

FP 52950290.1

# CERTIFICATE OF SERVICE

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On November 21, 2024, I served the following document(s) **DEFENDANT AMERICAN AIRLINES GROUP INC.'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Kenneth Torres                          *Plaintiff Pro Per*
425 15th Street, Unit 3416
Manhattan Beach, CA 90266
                                        Tel: (310) 640-9990
                                        Email: senatortorres@aol.com

☒     **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☐     **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐     **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed November 21, 2024, at Los Angeles, California.

Amy Stark                               By:   */s/ Amy Stark*
_____                     _____
Print Name                                    Signature

1
PROOF OF SERVICE

FP 52950290.1